# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

**JULIUS CHRISTOPHER CLAYTOR**,

    **Petitioner,**

                                                                                                    Case No.: 1:14-cv-16949

**v.**

**BART MASTERS,**
**Warden, FCI-McDowell,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Petitioner's Motion to Amend or Supplement Petition, (ECF No. 5), wherein he requests that the Court appoint him counsel and permit him or his counsel to conduct discovery in this matter. This case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition ("PF & R") pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED,** that the Motion to Amend be **DENIED**, and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

I.  **Introduction**

On May 26, 2005, in the United States District Court for the Western District of Virginia, Petitioner Julius Christopher Claytor ("Claytor") was charged in a superseding indictment with one count of possession of cocaine with intent to distribute ("Count One"), one count of possession of a firearm in furtherance of a drug trafficking crime ("Count Two"), and one count of possession of a firearm by a convicted felon ("Count Three"). *Claytor v. United States*, No. 7:05-cr-00007, 2009 WL 366322, at *1 (W.D. Va. Feb. 12, 2009).[1] The trial court described the facts underlying the indictment:

> On June 27, 2004, Claytor was accidentally shot in the temple by his girlfriend Monique Preston while at Preston's apartment. Preston drove Claytor to the hospital, where the medical staff removed Claytor's clothing to check for additional injuries. A police officer soon arrived at the hospital to investigate the shooting. He searched through the sweat pants Claytor had been wearing (which were lying on a trash-can lid in Claytor's hospital room) in an effort to find an ID, as well as the gun (which had not been located at the apartment, and was in fact never recovered). Inside the pants, the officer discovered almost 28 grams of cocaine, along with $1,800 in cash.

*Id.* at *1 n.1. Prior to trial, Claytor moved to suppress the evidence found in the pants removed from Claytor at the hospital, and his suppression motion was denied.[2] *Id.* at *1. On June 8, 2005, a jury found Claytor guilty of all counts contained in the superseding indictment. *Id.* On September 26, 2005, the trial court sentenced Claytor to 120 months' imprisonment for Count One and 240 months' imprisonment for each of Counts Two and Three, with all sentences to run concurrently. *Id.* On October 5,

---

[1] Documents filed in this Court will be cited in the format of "ECF No." Other than the district court's opinion cited above, documents filed in case 7:05-cr-00007 in the Western District of Virginia will be cited as "*Claytor*, Dkt. No. (Date of Docket Entry)."

[2] Although Claytor's counsel filed a motion to inspect the pants, they were never found. (ECF No. 1-1 at 12, 36, 40).

2005, Claytor appealed his conviction to the United States Court of Appeals for the Fourth Circuit, raising the suppression issue, among others. *Id.* On December 5, 2006, the Fourth Circuit affirmed Claytor's conviction and sentence. *United States v. Claytor*, 208 F. App'x 213, 215 (4th Cir. 2006). Thereafter, Claytor sought a writ of certiorari from the United States Supreme Court, which was denied by the Court on April 23, 2007. *Claytor v. United States*, 550 U.S. 912, 127 S.Ct. 2118, 167 L.Ed.2d 829 (2007).

On April 24, 2008, Claytor filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Western District of Virginia. *Claytor*, 2009 WL 366322, at *2. Claytor alleged a variety of ineffective assistance of counsel claims, including a claim related to the pre-trial suppression motion, and a host of other constitutional claims, including a Fourth Amendment claim. *Id.* On February 12, 2009, the district court issued an opinion denying Claytor's § 2255 motion on the merits. *Id.* at *1, *10. Claytor's appeal of that decision was dismissed by the Fourth Circuit on June 25, 2009, as Claytor had not made the requisite showing to obtain a certificate of appealability. *United States v. Claytor*, 328 F. App'x 258, 259 (4th Cir. 2009). Claytor again petitioned for a writ of certiorari in the United States Supreme Court, and his petition was denied on May 21, 2012.[3] *Claytor v. United States*, 132 S.Ct. 2447, 182 L.Ed.2d 1074 (2012).

On August 22, 2012, Claytor filed his numerically second § 2255 motion in the sentencing court, which was dismissed by the court without prejudice after Claytor moved for voluntary dismissal. *Claytor*, Dkt. No. 138 (Sept. 18, 2012). On February 11,

---

[3] Prior to the Supreme Court's denial of certiorari, on February 18, 2011, the Fourth Circuit denied Claytor's motion under § 2244 requesting an order authorizing the district court to consider a second or successive application for relief under § 2255. *In re Claytor*, No. 11-0119 (4th Cir. Feb. 18, 2011) (Dkt. No. 4).

3

2013, the Fourth Circuit denied Claytor's January 29, 2013 motion for an order authorizing the sentencing court to consider a second or successive application for relief under § 2255. *In re Claytor*, No. 13-117 (4th Cir. Feb. 11, 2013) (Dkt. No. 4). On October 31, 2013, Claytor filed a Petition for Relief Pursuant to the All Writs Act under 28 U.S.C. § 1651 in the sentencing court. *Claytor*, Dkt. No. 140 (Oct. 31, 2013). On November 8, 2013, the court concluded that Claytor's petition was properly construed as a § 2255 motion and dismissed the motion as successive. *Claytor*, Dkt. No. 141 at 3 (Nov. 8, 2013).

On May 27, 2014, Claytor filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[4] (ECF No. 1). In his petition, Claytor asserts that he was denied his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution when the Government lost material evidence in his case, specifically the pants wherein the cocaine attributed to Claytor was found. (*Id.* at 6; ECF No. 1-1 at 3-8). In addition, Claytor insists that "he is actually innocent based on constitutional error" and that "he was denied due process of law under the elements of *Brady v. Maryland*, 373 U.S. 83 [, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)]."[5] (ECF No. 1-1 at 3). Claytor acknowledges in his petition that he has previously filed a § 2255 motion, which was denied on the merits, and that the Fourth Circuit has denied his past requests for an order authorizing him to file a second or successive application for relief under § 2255. (ECF No. 1 at 5). However, he asserts that he is not challenging the

---

[4] Claytor was incarcerated at Federal Correctional Institution-McDowell in Welch, West Virginia at the time that he filed his § 2241 petition. (ECF No. 1 at 1). A search of the Inmate Locator on the Federal Bureau of Prisons website shows that Claytor is still incarcerated at FCI-McDowell as of October 6, 2015.

[5] Claytor also insists that he would have "strongly considered" a plea agreement if he had known that he would be "unable to use the sweatpants to prepare his defense." (ECF No. 1-1 at 7-8).

4

validity of his conviction or sentence in the instant § 2241 petition and that a § 2241 petition is the "best remedy" to resolve the issues he has raised in his petition. (*Id.* at 4-5). With respect to relief, Claytor asks that the Court "[i]nstruct the government to turn over th[e] material evidence so [Claytor] can prepare an adequate defense and order a new trial, or suppress the drugs that were supposably [*sic*] found in the pocket of the sweatpants." (*Id.* at 9). Claytor has also requested that counsel be appointed and that he or his counsel be permitted to conduct discovery in this action. (ECF No. 5 at 2).

## II. Discussion

### A. Claytor's § 2241 Petition

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241.). The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194,

5

nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W.Va. 2001). Rather, the "savings clause" creates a narrow opening through which a petitioner may pass when his § 2241 claim contains all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34; *see also United States v. Surratt*, 797 F.3d 240, 247 (4th Cir. 2015) (stating "*Jones* opened a narrow gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime."). The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W.Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

In the instant action, despite his affirmation to the contrary, Claytor challenges the validity of his federal judgment by asserting that his due process rights were violated at trial and that he is actually innocent of the crimes for which he was convicted. Thus, his claims must be brought pursuant to 28 U.S.C. § 2255, unless he can show under the "savings clause" that § 2255 is inadequate or ineffective. *See, e.g.*, *Schreane v. United States*, 554 F. App'x 91, 93-94 (3d Cir. 2014) (acknowledging that

6

*Brady* claim and due process claims challenged validity of conviction rather than execution of sentence); *Bender v. Carter*, No. 5:14-CV-35, 2014 WL 6775627, at *1 (N.D.W.Va. Dec. 2, 2014) (recognizing that claim of actual innocence challenges validity of federal judgment); *Campbell v. Hickey*, No. 11-403-KSF, 2012 WL 38514, at *2 (E.D. Ky. Jan. 6, 2012) (stating that *Brady* claim must be pursued under § 2255 since claim challenged validity of conviction).[6] Claytor makes no such showing. Although he argues that he is actually innocent of the crimes that led to his incarceration, he does not claim that his innocence is due to an intervening change of substantive law. Instead, he contends that he has always been innocent, that he was mistakenly found guilty, and that the outcome of his trial would have been different had he been able to present to the jury the sweatpants that were searched by the police at the hospital. Accordingly, Claytor cannot satisfy the *Jones* criteria, and his claims are not cognizable under § 2241. *See Braggs v. Marberry*, 247 F. App'x 392, 393 (3d Cir. 2007) (holding that *Brady* claim did not fall within "savings clause" of § 2255(e), and thus, petitioner could not proceed via § 2241); *Santillana v. Collins*, No. 5:14-cv-12474, 2015 WL 852335, at *4 (S.D.W.Va. Feb. 26, 2015) (rejecting petitioner's argument that "savings clause" contained in § 2255(e) permitted petitioner to proceed under § 2241 where petitioner "simply contend[ed]" that he did not commit crimes for which he was convicted).

Given that Claytor's claims are not properly brought under § 2241, his petition

---

[6] To the extent that Claytor's instant petition disputes the trial court's denial of his motion to suppress, that challenge also goes to the validity of his conviction. *See, e.g.*, *United States v. Altamirano-Quintero*, 504 F. App'x 761, 766 (10th Cir. 2012) (noting that challenge to district court's decision to deny motion to suppress was attack on merits of conviction). Indeed, such a challenge would call into question the admission of the very evidence that undoubtedly led to Claytor's conviction.

7

"must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Regardless of which option the Court selects, Claytor's petition is at an end in this district.[7] If the Court chooses to dismiss Claytor's action, then he will be required to pursue his claim in the United States District Court for the Western District of Virginia because, unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). If the

---

[7] Although Claytor does not raise the issue in his petition, the undersigned notes that Claytor's sentence was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). It is unclear from the record whether Claytor's sentence was enhanced under the so-called residual clause of the ACCA, which was struck down by the Supreme Court last term on vagueness grounds, or under a separate clause. *See Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 2563, 192 L.Ed.2d 569 (2015) ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."). The record does indicate that Claytor had been convicted of multiple crimes before obtaining the convictions underlying the instant petition, including three prior drug distribution convictions, which would permit application of enhanced sentencing penalties under the ACCA if those three convictions qualify as "serious drug offense[s]" under the Act. 18 U.S.C. § 924(e)(1); *see Claytor*, Dkt. No. 63 (Sept. 27, 2005) (judgment noting that Claytor's conviction for distribution of controlled substance was his "third or subsequent conviction" for that crime); *Claytor*, Dkt. No. 140 (Oct. 31, 2013) (Government asserting at sentencing that Claytor had three prior convictions for distributing controlled substances). However, the undersigned is without sufficient information to determine whether the "serious drug offense" provision of the ACCA was applied in Claytor's case. To the extent that the ACCA's residual clause may have been applied to Claytor, there is still some debate as to whether the holding of *Johnson* applies retroactively on collateral review. *Compare Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) (holding that Supreme Court made *Johnson* "categorically retroactive to cases on collateral review"), *with In re Gieswein*, ___ F.3d ___, 2015 WL 5534388, at *5 (10th Cir. Sept. 21, 2015) (declining to hold that *Johnson* applies retroactively on collateral review), *and In re Rivero*, 797 F.3d 986, 989-90 (11th Cir. 2015) (same). In any event, assuming *arguendo* that the ACCA's residual clause was applied in Claytor's case and that *Johnson* applies retroactively on collateral review, if Claytor wishes to challenge his sentence, then he should seek authorization from the Fourth Circuit to file a § 2255 motion in the sentencing court on that ground. *See Swanson-El v. Zych*, No. 7:15CV00398, 2015 WL 5307999, at *1 (W.D. Va. Sept. 10, 2015) (concluding that petitioner could not proceed with *Johnson* claim under § 2241 because "the *Johnson d*ecision had no effect on the criminality of his offense conduct"); *see also Surratt*, 797 F.3d at 248-51, 269 (refusing petitioner's attempt under § 2241 to challenge sentence, but leaving open possibility that unlawful sentence "exceeding statutory maximum" might be subject to challenge under § 2241 and declining to decide "whether a change in law stemming from a retroactively applicable Supreme Court decision might offer relief beyond the circumstances already identified in *Jones*"); *Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013) (citing *Poole* and holding that challenge to armed career criminal status is not cognizable in § 2241 petition); *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) (declining to extend savings clause to sentencing challenges); *Poole*, 531 F.3d at 267 n. 7 ("Fourth Circuit precedent has … not extended the reach of the savings clause to those petitioners challenging only their sentence.").

8

Court chooses to construe the action as a § 2255 motion, then the matter will have to be transferred, as this Court lacks jurisdiction to hear it.[8]

Nevertheless, there seems to be no purpose in construing Claytor's petition as a § 2255 motion; particularly, when considering that he has already filed two § 2255 motions in the sentencing court, which were denied. Moreover, Claytor's apparent lack of a certificate from the Fourth Circuit to file a successive § 2255 motion,[9] as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), removes any benefit to be gained from a transfer to the sentencing court. *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W.Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W.Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3 (S.D.W.Va. Oct. 15, 2013); *Ellis v. Berkebile*, No. 5:10-cv-00191, 2011 WL 2680724, at *4 (S.D.W.Va. July 8, 2011); see also *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

---

[8] Before recharacterizing a petitioner's § 2241 petition as his or her *first* § 2255 motion, a district court must warn the petitioner about the consequences of the recharacterization and allow the petitioner to either object to the recharacterization or withdraw or amend the petition. *See Camarillo-Chagoya v. Hogsten*, 553 F. App'x 341, 342 (4th Cir. 2014) (citing *Castro v. United States*, 540 U.S. 375, 384, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003)). Because Claytor has previously filed two § 2255 motions in the sentencing court, that warning procedure is not required in this case. *See Castro*, 540 U.S. at 383.

[9] While § 2255 does not define the term "second or successive," Claytor's § 2241 petition, if construed as a § 2255 motion, would be a successive § 2255 motion because one of his previous § 2255 motions challenging the same convictions was dismissed on the merits and the facts relied on by Claytor in support of his current claims existed at the time of his first § 2255 motion. *See Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002) ("In order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits."), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011); *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999) (recognizing that § 2255 does not define what constitutes "second or successive"); *cf. United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014) (holding that "a numerically second § 2255 motion should not be considered second or successive" where facts relied on by movant in support of motion did not exist at time first § 2255 motion was filed); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (distinguishing Fed. R. Civ. P. 60(b) motions and successive § 2255 motions, and stating that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application.").

Finally, the Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Fourth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). On the contrary, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id.* Consequently, in the Fourth Circuit, a district court may dismiss, rather than transfer, a petition that is frivolous or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous)).

For a court of appeals to grant a petitioner's request to file a successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. Here, "tak[ing] a peek at the merits" of the petition, Claytor has not set forth any potentially meritorious claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. His claims rely on neither newly discovered evidence nor a new rule of constitutional law. Instead, Claytor relies on legal arguments concerning facts known to him prior to trial. Indeed, it appears that Claytor's counsel argued at trial that the sweatpants containing the cocaine did not belong to Claytor and that Claytor just happened to put those pants on, without knowing that cocaine was located in a pants pocket, before traveling to the hospital. (ECF No. 1-1 at 3); *see also* (*id.* at 43-44) (Government responding to Claytor's counsel's position that pants containing drugs did not belong to Claytor and Claytor "had no idea that drugs and money were in those pants"). The jury at Claytor's trial clearly disbelieved this theory of the evidence.[10] Furthermore, Claytor presumably knew any purportedly favorable facts about the pants (e.g., color, style, or that they did not belong to him) before trial and could have testified to those details at trial. Additionally, even if Claytor could now produce the pants and the allegedly exonerating qualities that he ascribes to the pants are discovered to be true (e.g., that they are a style normally worn by women and contain a woman's DNA), the fact remains that Claytor arrived at the hospital wearing those pants, they contained cocaine in the

---

[10] Additional evidence presented at trial included evidence of digital scales found at Claytor's girlfriend's apartment, which Claytor's girlfriend denied belonged to her; Claytor's girlfriend's trial testimony that Claytor kept a large amount of cash at her apartment and grand jury testimony that Claytor needed a gun to protect his money and drugs from possible robbers; and Claytor's wife's testimony that when she spoke with him two days after he was shot, he "kind of" acknowledged having drugs on him at the time that he entered the hospital. *Claytor*, 2009 WL 366322, at *5; *Claytor*, Dkt. No. 51 at 4 (July 26, 2005); Dkt. No. 94 at 2-3 (Nov. 13, 2006).

pocket, and a jury did not accept Claytor's defense that he had no knowledge of the pocket's contents after considering all of the evidence presented at trial. Undoubtedly, the additional facts concerning the pants that Claytor suggests would exist if the pants were discovered would be insufficient "to establish by clear and convincing evidence that no reasonable factfinder would have found [Claytor] guilty of the offense[s]." 28 U.S.C. § 2255(h)(1). Finally, Claytor cites no new rule of constitutional law to support the claims contained in his petition; rather, Claytor's arguments center on Supreme Court decisions that are more than forty years old. (ECF No. 1-1 at 3) (citing *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) and *Brady*, which was decided in 1963); *see also Jones v. Ryan*, 733 F.3d 825, 843 (9th Cir. 2013) (stating petitioner's "*Brady* claim certainly does not rely on a new rule of constitutional law"). Because the petition does not allege a potentially meritorious claim under either prong of § 2255(h), transfer to the Fourth Circuit is not "in the interest of justice."

### B. Claytor's Motion to Amend or Supplement Petition

In addition to his § 2241 petition, Claytor has also filed a Motion to Amend or Supplement Petition wherein he requests that he be appointed counsel and that he or his counsel be allowed to conduct discovery in this matter. Given the undersigned's recommendation that Claytor's § 2241 petition be denied, the undersigned **DENIES** the relief requested in Claytor's Motion to Amend or Supplement Petition, (ECF No. 5).

Other reasons also exist to deny Claytor's requests. With respect to Claytor's motion for appointment of counsel, the law is well-settled that a habeas petitioner has no constitutional right to counsel. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct.

1990, 95 L.Ed.2d 539 (1990). The Criminal Justice Act, 18 U.S.C. § 3006A, authorizes the United States District Court to appoint counsel to represent financially eligible individuals in actions brought pursuant to § 2254, "whenever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). An analogous standard is set forth in 28 U.S.C. § 1915(e)(1), which governs the appointment of counsel for indigent litigants in civil actions. In both circumstances, the matter is left to the sound discretion of the court. As a general rule, habeas petitioners and indigent civil litigants are only provided counsel in "exceptional circumstances." *See, e.g., Rice v. Riley,* No. 4:13–3049–TMC, 2014 WL 5524461, at *1 (D.S.C. Oct. 31, 2014). When determining whether to appoint counsel, the court should consider several factors, including (1) the type and complexity of the case; (2) the ability of the petitioner to adequately investigate and present his claim; (3) the likelihood of success on the merits of the application; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g., Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. United States Dist. Court*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994). Here, the case is not complex, Claytor has adequately presented his claims, there is no likelihood that Claytor will succeed on the merits of his petition, and there is no need for an evidentiary hearing. Because Claytor fails to demonstrate exceptional circumstances that justify the appointment of counsel, his motion must be **DENIED**.

As for Claytor's request to conduct discovery in this case, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of

ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 1796-97, 138 L.Ed.2d 97 (1997). Instead, a habeas petitioner must demonstrate that good cause exists to permit discovery. *See* Rule 6(a) of the Rules Governing Section 2254 Cases (establishing good cause standard for discovery); Rule 1(b) of the Rules Governing Section 2254 Cases (allowing application of Rules Governing Section 2254 Cases to other habeas petitions); *Wyant v. Edwards*, 952 F. Supp. 348, 352 (S.D.W.Va. 1997) (applying Rules Governing Section 2254 Cases to § 2241 petition). Here, Claytor asks that the Court order discovery of the sweatpants that were "seized" from his hospital room. (ECF No. 5 at 2). However, it was established at Claytor's suppression hearing in District Court for the Western District of Virginia that the sweatpants were lost or discarded and not retained by law enforcement or hospital staff. (ECF No. 1-1 at 12, 36). Consequently, an order from this Court directing the Government or some other entity to produce the pants would have no effect. Moreover, even if the pants were produced and possessed the qualities described by Claytor, the instant § 2241 petition would fare no better. Accordingly, Claytor has not demonstrated good cause to allow him to conduct discovery, and therefore, his request to conduct discovery is **DENIED**.

### III.  Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DENIED,** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is

hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and Respondent.

**FILED:** October 7, 2015

Cheryl A. Eifert
United States Magistrate Judge