IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JULIUS CHRISTOPHER CLAYTOR,

    Petitioner,

v.                        Civil Action No: 1:14-16949

BART MASTERS,
Warden

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    Pending before the court are petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Doc. No. 1), and petitioner's motion to amend or supplement petition, for discovery, and for appointment of counsel. (Doc. No. 5). By Standing Order, this matter was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 2). The magistrate judge submitted her proposed findings and recommendation ("PF&R") on October 7, 2015. (Doc. No. 6). In the PF&R, Magistrate Judge Eifert recommended that the court deny petitioner's petition for a writ of habeas corpus, deny his motion to amend or supplement, for discovery, and for appointment of counsel, and dismiss this matter from the court's docket. (Doc. No. 6 at 1).

1

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R.  Petitioner timely filed objections.  (Doc. No. 7).  Because petitioner's objections are without merit, the court adopts the PF&R, denies his petition for a writ of habeas corpus, and denies his motion to amend or supplement his petition, for discovery, and for appointment of counsel.

## I. Background

Petitioner was charged in the United States District Court for the Western District of Virginia with one count of possession of cocaine with intent to distribute ("Count One"), one count of possession of a firearm in furtherance of a drug trafficking crime ("Count Two"), and one count of possession of a firearm by a convicted felon ("Count Three").  <u>Claytor v. United States</u>, No. 7:05-cr-00007, 2009 WL 366322, at *1 (W.D. Va. Feb. 12, 2009).  The trial court described the facts underlying the charges against petitioner:

> On June 27, 2004, Claytor was accidentally shot in the temple by his girlfriend Monique Preston while at Preston's apartment.  Preston drove Claytor to the hospital, where the medical staff removed Claytor's clothing to check for additional injuries.  A police officer soon arrived at the hospital to investigate the shooting.  He searched through the sweat pants Claytor had been wearing (which were lying on a trash-can lid in Claytor's hospital room) in an effort to find an ID, as well as the gun (which had not been located at the apartment, and was in fact never recovered).  Inside the

2

>   pants, the officer discovered almost 28 grams of cocaine, along with $1,800 in cash.

Id. at *1 n.1.  Prior to trial, petitioner moved to suppress the evidence found in the pants recovered by police at the hospital, a motion the court denied.  Id. at *1.

On June 8, 2005, a jury found petitioner guilty of all counts contained in the superseding indictment.  Id.  On September 26, 2005, the trial court sentenced petitioner to 120 months' imprisonment for Count One and 240 months' imprisonment for each of Counts Two and Three, with all sentences to run concurrently.[1]  Id.  Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit, raising the suppression issue, among others.  Id.  The Fourth Circuit affirmed petitioner's conviction and sentence.  United States v. Claytor, 208 F. App'x 213, 215 (4th Cir. 2006).  Petitioner sought a writ of certiorari from the Supreme Court of the United States, which was denied on April 23, 2007.  Claytor v. United States, 550 U.S. 912 (2007).

On April 24, 2008, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Western District of

---

[1] In imposing this 240 month term of incarceration, the court departed downward by 120 months from petitioner's minimum sentence as calculated by the advisory sentencing guidelines.  Id. at *1 n.2.

3

Virginia. Claytor, 2009 WL 366322, at *2. Petitioner alleged a number of claims of ineffective assistance of counsel, including a claim related to the pre-trial suppression motion, and a number of other constitutional claims. Id. On February 12, 2009, the district court denied petitioner's § 2255 motion on its merits. Id. at *1, *10. Petitioner appealed to the Fourth Circuit, but his appeal was dismissed because he had not obtained a certificate of appealability. United States v. Claytor, 328 F. App'x 258, 259 (4th Cir. 2009). Petitioner sought a writ of certiorari from the Supreme Court and his petition was denied on May 21, 2012. Claytor v. United States, 132 S.Ct. 2447 (2012).

On August 22, 2012, petitioner filed a second § 2255 motion in the Western District of Virginia, which was dismissed without prejudice after petitioner moved for voluntary dismissal. On January 29, 2013, petitioner moved the Fourth Circuit for leave to file a second or successive § 2255 motion. The Fourth Circuit denied this motion on February 11, 2013. In re Claytor, No. 13-117 (4th Cir. Feb. 11, 2013). Petitioner filed a petition for relief pursuant to All the Writs Act under 28 U.S.C. § 1651 in the Western District of Virginia on October 31, 2013. On November 8, 2013, the court concluded that the petition was properly construed as a § 2255 motion and dismissed it as successive.

4

On May 27, 2014, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, petitioner argues that he was denied his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution when the Government lost material evidence in his case, specifically the pants where the police found the cocaine attributed to petitioner. (Doc. No. 1 at 6). Petitioner also claims that he is actually innocent of the charges of conviction and that he was denied due process under Brady v. Maryland, 373 U.S. 83 (1963).

In his petition, petitioner acknowledges that the sentencing court denied his previous § 2255 motion on its merits and the Fourth Circuit has not permitted him to file a second or successive § 2255 motion. (Doc. No. 1 at 5). However, petitioner argues that the instant § 2241 petition does not challenge the validity of his conviction and that a § 2241 petition is his "best remedy" to confront the issues he raises. Id. at 4-5. Petitioner asks the court to "[i]nstruct the government to turn over th[e] material evidence so [petitioner] can prepare an adequate defense and order a new trial, or suppress the drugs that were supposeably [sic] found in the pocket of the sweatpants." Id. at 9.

Petitioner further moves the court to amend his petition. (Doc. No. 5). He also requests appointment of counsel and that

the court permit him to conduct discovery in this action. Id. at 2.

## II. Petitioner's Objections to the PF&R

In the PF&R, Magistrate Judge Eifert concluded that petitioner, despite his affirmation to the contrary, challenges the validity of his convictions by asserting that his due process rights were violated and that he is actually innocent of the crimes for which he was convicted. (Doc. No. 6 at 6). Magistrate Judge Eifert further found that petitioner had not demonstrated under the "savings clause" that § 2255 was inadequate or ineffective to address the claims in his petition. Id. As a result, the PF&R concluded that petitioner's claims are not properly brought under § 2241 and recommended that the district court either dismiss petitioner's § 2241 petition or construe petitioner's petition as a § 2255 motion and transfer it to the Western District of Virginia.[2] Id. at 7–8.

Finally, Magistrate Judge Eifert concluded that petitioner's motion to amend or supplement his petition should be denied. Id. at 12. Citing the recommendation that the district court deny petitioner's § 2241 petition, the PF&R also

---

[2] Magistrate Judge Eifert concluded that construing petitioner's petition as a § 2255 motion would serve "no purpose," as petitioner has already filed two § 2255 motions in that court, both of which were denied, and petitioner has not received permission from the Fourth Circuit to file a successive § 2255 motion. Id. at 9.

6

found no exceptional circumstances to justify the appointment of counsel and further found that good cause did not exist to allow petitioner to conduct discovery. Id. at 13, 14.

Petitioner concedes that his petition cannot be construed as a § 2255 motion, but argues that his claims of actual innocence are nonetheless cognizable under § 2241. (Doc. No. 7 at 2). However, Magistrate Judge Eifert found that petitioner had not shown under the "savings clause" that § 2255 was inadequate or ineffective to address these claims, which would have provided petitioner with an opportunity to employ § 2241 after exhausting his § 2255 options. To use the "savings clause," petitioner needed to demonstrate that:

(1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction;
(2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and
(3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Magistrate Judge Eifert found that petitioner could not make this requisite showing because he claimed that he was always innocent of the crime of conviction and would not have been found guilty had he been able to present to the jury the sweatpants searched by police at the hospital. (Doc. No. 6 at 7).

7

Petitioner does not contest these findings. If anything, his objections confirm them, as the majority of his filing (pages 3-9 and two exhibits offered in support of his objections) asserts that petitioner is actually innocent of the crimes of conviction and that the pants presented to the jury during his trial did not belong to him. He offers no argument that the substantive law underlying his convictions has changed. The arguments petitioner does offer only further substantiate the PF&R's conclusion that the "savings clause" does not apply to his petition and, as a result, § 2241 is not the appropriate vehicle for his claims.

In his objections, petitioner acknowledges that the court may find that § 2241 is not a proper means for the relief he seeks. If the court so finds, petitioner requests that the court "exercise its authority under 28 U.S.C. § 1631 and recharacterize this petition as a motion for pre-filing authorization and transfer [it] to the Fourth Circuit Court of Appeals if the court believes it would be in the interest of justice." (Doc. No. 7 at 3). Magistrate Judge Eifert analyzed the possibility of recharacterizing the instant petition as a motion for pre-filing authorization, and then transferring it to the Fourth Circuit. (Doc. No. 6 at 10). Magistrate Judge Eifert dismissed this possibility, concluding that petitioner's petition does not allege a potentially meritorious claim, and

consequently, transfer to the Fourth Circuit is not "in the interest of justice." Id. at 12.

The court concurs with the PF&R's conclusion and declines to recharacterize the petition as a motion for pre-filing authorization. Petitioner has had a number of bites at the apple, both through direct appeal and habeas relief. The instant petition travels down the same roads once again, roads both the sentencing court and the Fourth Circuit have deemed to be dead ends. Petitioner's claims rely neither on newly discovered evidence nor on a new rule of constitutional law. To recharacterize the petition as a motion for pre-filing authorization would not constitute an efficient use of either this court's resources or those of the Fourth Circuit. Accordingly, the court finds that construing the instant petition as a motion for pre-filing authorization and transferring it to the Fourth Circuit is not in the interests of justice and overrules petitioner's objection.

Finally, petitioner does not appear to contest the PF&R's recommendation that the court deny his motion to amend or supplement his petition, for discovery, and for appointment of counsel. Having reviewed this portion of the PF&R, the court concurs with and adopts Magistrate Judge Eifert's analysis.

### III. Conclusion

Accordingly, the court **OVERRULES** petitioner's objections to Magistrate Judge Eifert's PF&R. The court **ADOPTS** the factual and legal analysis contained within the PF&R, **DENIES** petitioner's motion to amend or supplement his petition and for appointment of counsel, (Doc. No. 5), **DISMISSES** petitioner's petition for a writ of habeas corpus, (Doc. No. 1), and **DISMISSES** this matter from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

**IT IS SO ORDERED** on this 18th day of November, 2015.

      ENTER:

      *David A. Faber*
      David A. Faber
      Senior United States District Judge